## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) ) | |
| | ) | **COMPLAINT** |
| v. | ) ) | |
| **CROMER FOOD SERVICES, INC.,** | ) ) | **JURY TRIAL DEMAND** |
| **Defendant.** | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Homer Howard who was adversely affected by such practices. The U.S. Equal Employment Opportunity Commission ("the Commission") alleges that Defendant Cromer Food Services, Inc. ("Defendant") discriminated against Homer Howard by subjecting him to sexual harassment and a hostile work environment based on his sex, male. The Commission further alleges that Defendant ordered Howard to transfer to an undesirable shift in retaliation for his opposition to the sexual harassment and/or in retaliation for his filing a discrimination charge with the Commission. Respondent's retaliatory actions forced Howard to resign.

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina, Greenville Division. This lawsuit is being filed in the Greenville Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Greenville Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Cromer Food Services, Inc. ("Defendant"), has been a South Carolina corporation doing business in the State of South Carolina and City of Anderson, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Homer Howard filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.    From around November 2006 until around March 2007, Defendant engaged in unlawful employment practices at its customer's facility located in Greenville, South Carolina in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).  Specifically, Defendant subjected Homer Howard, a driver who serviced vending machines at certain of Defendant's customers' locations, to sexual harassment that created a sexually hostile work environment based on his sex, male.  The sexual harassment was perpetrated by two employees of one of Defendant's customers, a hospital in Greenville, South Carolina.  The sexual harassment was severe or pervasive and included, but was not limited to unwelcome sexual comments, requests for sexual favors, and touching.  Although Howard complained to Defendant about the sexual harassment beginning in or around November 2006, Defendant failed to take prompt and effective action to stop the harassment.

8.    On or about March 23, 2007, Defendant engaged in an unlawful employment practice in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).  Specifically, Defendant ordered Homer Howard to transfer to an undesirable shift after Howard complained to Defendant and Defendant's customer about the sexual harassment and after Howard filed a discrimination charge with the Commission.  Defendant's actions resulted in Howard's constructive discharge on March 23, 2007, when Howard's work environment was made so intolerable that he was forced to resign.

9.    The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Homer Howard of equal employment opportunities and otherwise adversely affect his status as an employee because of his sex, male, because of his opposition to the sexual harassment, and because of his filing of a charge of discrimination.

    10.    The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

    11.    The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Homer Howard.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

    A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from creating or maintaining a sexually hostile work environment or any other employment practice which discriminates on the basis of sex.

    B.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from retaliating against any employee who opposes unlawful discrimination, makes a charge of unlawful discrimination, or otherwise participates in an investigation of unlawful discrimination under Title VII.

    C.    Order Defendant to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices and provide equal employment opportunities for men as well as for individuals who oppose discrimination or file discrimination charges.

    D.    Order Defendant to make whole Homer Howard by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practice, including but not limited to reinstatement.

E.  Order Defendant to make whole Homer Howard, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including but not limited to job search expenses and interest expenses, in amounts to be determined at trial.

F.  Order Defendant to make whole Homer Howard by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above, including emotional pain, suffering, stress, weight loss, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights in amounts to be determined at trial.

G.  Order Defendant to pay Homer Howard punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 24th day of September, 2008.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C.  20507

LYNETTE A. BARNES
Regional Attorney

TINA BURNSIDE
Supervisory Trial Attorney


_____s/ Mary M. Ryerse_____
MARY M. RYERSE (Fed. Bar. No 9604)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
e-mail: mary.ryerse@eeoc.gov

Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.344.6886
Facsimile: 704.344.6780

ATTORNEYS FOR PLAINTIFF